**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-55425 |
| Plaintiff-Appellee, | D.C. No. 5:13-cv-01335-VAP |
| v. | |
| LUIS CARLOS RENDON-AGUDELO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Submitted August 31, 2016[**]
Pasadena, California

Before: WARDLAW and BYBEE, Circuit Judges, and ZIPPS,[***] District Judge.

Luis Carlos Rendon-Agudelo (Rendon) appeals the district court's denial of

his motion to vacate, set aside, or correct his sentence, claiming that he is entitled

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

to relief because he received ineffective assistance of counsel in his criminal drug trafficking case. We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.

Rendon claims he received ineffective assistance of counsel in violation of the Sixth Amendment because his attorney failed to timely communicate the government's plea offer to him, and because he would have accepted the plea had he known of the offer. *See United States v. Blaylock*, 20 F.3d 1458, 1465–66 (9th Cir. 1994). After holding an evidentiary hearing, the district court properly concluded that Rendon failed to establish either deficient performance or prejudice.

The district court did not clearly err in deeming credible counsel Joseph Vodnoy's declaration and the testimony of his paralegal, Kathleen Caulfield, that counsel timely and repeatedly informed Rendon of the plea offer and that, though Rendon wished to plead guilty, he insisted on maintaining his innocence. Given Rendon's refusal to admit to the elements of the alleged crime, a factual predicate for a guilty plea could not be established before the plea offer expired.

The district court did not clearly err by not crediting Rendon's testimony that he was willing to admit to the factual basis, but was "banned" from speaking to the court. The district court properly found that Rendon's allocution and numerous other opportunities to address the court belied this assertion.

2

Nor did the district court err in rejecting Rendon's contention that the absence of records of personal and telephonic conversations made by defense counsel and his staff established counsel's failure timely to convey the plea offer. And the Sixth Amendment requires only that the plea agreement was adequately conveyed—not that it was reduced to writing. *See United States v. Rivera-Sanchez*, 222 F.3d 1057, 1061 (9th Cir. 2000).

Rendon maintained he was innocent throughout the criminal proceedings, which precluded entry of a plea agreement that could be accepted by the court, and, therefore, is not able to demonstrate prejudice.

**AFFIRMED.**